## WILLIAM M. GREEN *v.* LUCINDIA WILSON.

**Decedent's Estates—Personal Property.**

    The title of personal property of an intestate vests in his personal representative as soon as he qualifies and it becomes his duty upon appraisement to set aside to the widow or infant children articles of personalty exempted from distribution. The widow in such a case has no cause of action to recover property not thus set aside for her.

APPEAL FROM RUSSELL CIRCUIT COURT.

March 18, 1876.

OPINION BY JUDGE COFER:

The title to the personal estate of one who dies intestate, vests in his personal representative as soon as he qualifies. When appraisers are appointed it is their duty to set apart to the widow, if there be one, or if there be no widow, then to the infant children of the intestate, if any, the articles of personal property exempted from distribution, if on hand; and in lieu of such as are not on hand, to set apart money or other property as directed by the statute. As soon as the designated articles are set apart, or other property is set apart in lieu of them, the title vests in the widow, if there be one, and if not, in the infant children. But when the designated articles are not on hand, the widow acquires no right to other property in lieu of them unless it is set apart to her by the appraisers.

In this case the appraisers seem to have set apart to the widow as many of the designated articles as were found on hand, and in lieu of those not on hand they set apart to her money, and for that she must look to the funds in the hands of the administrator. She, therefore, had no right to recover against the appellant, even though he unlawfully converted the corn in contest in this case. The corn was not set apart to her, and if it belonged to the intestate the title was in the administrator, who alone could sue for its conversion. She is entitled to receive from the administrator the amount of money indicated by the appraisers, in lieu of exempted articles she did not get; and he is liable to her if he has funds, or if there are funds which he ought to get, with which to pay her, but she cannot maintain this action for property not set apart to her.

The court, therefore, erred in overruling the appellant's demurrer to the petition.

Judgment *reversed* and cause remanded with directions to sustain the demurrer, and dismiss the petition.

*J. F. Montgomery, A. J. James, for appellant.*
*William S. Stone, James E. Hays, for appellee.*